COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ABEX FRICTION PRODUCTS COMPANY AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 3004-98-4              PER CURIAM
                                        JUNE 1, 1999
GERALD WAYNE BUTCHER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (J. David Griffin; Bradley W. Finch; Fowler,
              Griffin, Coyne, Coyne & Patton, P.C., on
              brief), for appellants.

              (Gary W. Kendall; J. Gregory Webb; Michie,
              Hamlett, Lowry, Rasmussen & Tweel, P.C., on
              brief), for appellee.


     Abex Friction Products Company and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission (commission) erred in (1) finding that employer failed

to prove its defense that Gerald Wayne Butcher (claimant)

willfully violated employer's safety rule against fighting; (2)

not granting employer's motion to dismiss claimant's appeal based

upon claimant's failure to identify specific errors of the deputy

commissioner in his request for review; and (3) not granting

employer's motion to dismiss claimant's appeal based upon

claimant's failure to timely file his written statement.  Upon

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"To prevail on the defense of a willful violation of a safety rule, employer must prove that:  (1) the safety rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the benefit of the employee; and (4) the employee intentionally undertook the forbidden act."  Brockway v. Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995).

In ruling that employer failed to prove that claimant willfully violated employer's safety rule against fighting, the commission found as follows:

> [W]e find that the claimant did not violate the employer's rule against fighting.  The uncontradicted testimony by both the claimant and an eyewitness is that the claimant was the victim of an assault from behind as he was walking to his work station.  Even after he was shoved to the ground, the assault continued while the claimant did nothing but try to cover his

-

face as the assailant punched him. The claimant was not a willing participant in a fight. The Deputy Commissioner denied the claim because the claimant made one derogatory remark, calling Mr. Gibbs a "scab." However, the uncontradicted evidence is that this one derogatory remark occurred only after a number of derogatory and "dirty" remarks made by Mr. Gibbs, after the claimant complained to him that he almost ran him over with a forklift. The claimant did not strike Mr. Gibbs, nor even respond with profanity. We find that the claimant's single epithet was not a sufficient or reasonably expected provocation for a unilateral assault.

The commission's findings are amply supported by the record. The testimony of claimant and eyewitness Gregory S. Owens established that claimant did not provoke the fight and did not initiate any physical contact with Gibbs. Rather, after claimant said "scab" and then turned and walked away, Gibbs came up from behind and attacked claimant. Claimant did not fight back, but rather tried to cover his face to defend himself against Gibbs's punches.

Based upon this record, we cannot say as a matter of law that employer proved that claimant willfully engaged in the prohibited conduct of fighting.

## II. and III.

Employer's argument that the commission should have granted its motion to dismiss claimant's pro se appeal to the full commission on procedural grounds is without merit.

-

Rule 3.1 of the Rules of the Virginia Workers' Compensation Commission, requiring that "[a] request for review should assign as error specific findings of fact and conclusions of law" is "'not mandatory, but directory only.'"  The Greif Companies v. Sipe, 16 Va. App. 709, 713, 434 S.E.2d 314, 317 (1994) (citation omitted).  Consequently, "the failure of a party to specify certain issues [in the application for review] does not deprive the commission of jurisdiction to consider issues that are necessary to a resolution of the claim."  Id.  Here, the commission acted reasonably in considering and correcting the commission's erroneous finding on the willful misconduct issue.

Second, Rule 3.2 related to written statements on review does not mandate that the commission dismiss an appeal if a written statement is not timely filed.  Here, the commission mailed out the schedule for written statements on December 11, 1997.  Claimant did not receive the schedule until nine days later.  He filed his written statement within fifteen days of his receipt of the commission's schedule.  That statement detailed the grounds for its timeliness and for his appeal. Clearly, claimant's actions in no way prejudiced employer. Moreover, employer cites no authority for its contention that claimant's appeal should have been dismissed under these

-

circumstances.  The commission's interpretation of its rule was reasonable, and will not be disturbed on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>